## SHERMAN v. PINER.

### No. 1519.

Court of Civil Appeals of Texas. Eastland.

Feb. 21, 1936.

E. B. Ward, of Corpus Christi, for appellant.

H. R. Sutherland and I. M. Singer, both of Corpus Christi, for appellee.

GRISSOM, Justice.

Appellee sued appellant to recover on a general warranty clause in a deed executed by appellant to appellee dated May 18, 1932. In January, 1934, the plaintiff in a certain cause in the district court of Nueces county recovered a judgment for debt and foreclosure against appellant and foreclosure of a lien executed by appellant to said plaintiff against appellee. The judgment of foreclosure included the lot in question and it was sold at sheriff's sale.

On a trial, without a jury, the court entered judgment for appellee for the amount of the purchase price paid for the lot with interest. As stated, both appellant and appellee were parties defendant in the foreclosure suit, and appellee also notified appellant of the pendency of the suit. There was no actual physical eviction. There could be none. The lot was vacant and appellee had never been in physical possession. There was a constructive eviction. The judgment of foreclosure against the warrantor (appellant) was binding as to the matters therein adjudicated and was sufficient evidence of a breach of the warranty in the deed to appellee. Freeman on Judgments (5th Ed.) § 446, p. 976 et seq.; 12 Tex.Jur. § 30, p. 47; Id. § 25, p. 40; 15 C.J. § 100, p. 1267, and § 96, p. 1264.

The judgment of the district court is affirmed.